

1  DANIEL DAVID DYDZAK
2  PLAINTIFF PRO SE
3  4265 MARINA CITY DRIVE, SUITE 407W
   MARINA DEL REY, CA 90292
4  TELEPHONE: (310) 867-1289

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DANIEL DAVID DYDZAK,          )     CASE NO. **CV10 5820** SVW
                             )
        Plaintiff,           )     COMPLAINT FOR DAMAGES
   vs.                       )     AND EQUITABLE/DECLARATORY
                             )     RELIEF,  TEMPORARY RESTRAINING
                             )     ORDER , PRELIMINARY INJUNCTION
RONALD M. GEORGE, CARLOS R.  )     AND PERMANENT INJUNCTION
MORENO, JOYCE L. KENNARD,    )
KATHRYN MICKLE WERDEGAR,     )     1. DEPRIVATION OF RIGHTS UNDER
MING W. CHIN, MARVIN R. BAXTER, )     COLOR OF STATE LAW
CAROL A. CORRIGAN,  SUPREME  )        (CIVIL RIGHTS ACT, TITLE 42 U.S.C.
COURT OF CALIFORNIA, STATE   )        SECTION 1983)
BAR OF CALIFORNIA,  DONALD   )
F. MILES,  STATE BAR COURT,  )     2.  INTENTIONAL INTERFERENCE
BOARD OF GOVERNORS OF STATE  )        WITH ECONOMIC RELATIONS
BAR OF CALIFORNIA,  JOANN M. )
REMKE, CATHERINE D. PURCELL, )     3.  FRAUD
JUDITH EPSTEIN,  RONALD W.   )
STOVITZ,  PATRICE E. McELROY, )
RICHARD A. PLATEL, LUCY      )     DEMAND FOR JURY TRIAL
ARMENDARIZ,  RICHARD A. HONN, )
BERNARD A. BURK,  KENNETH G. )
HAUSMAN, SEAN M. SELEGUE,    )
HOWARD, RICE, NEMEROSKI,     )
CANADY,  FALK & RABKIN,      )
SCOTT DREXEL,  A. HOWARD MATZ, )
GARY A. FEESS,  R. GARY KLAUSNER, )
MARGARET M. MORROW,  GEORGE  )
H. WU, VIRGINIA A. PHILLIPS, AUDREY )
B. COLLINS,  ALICIA G. ROSENBERG, )
and DOES 1 through 10, Inclusive, )
                  Defendants.  )
_____ )

DYDZAK V. GEORGE          -1-

COMPLAINT



8/5/2010 1:49:36 PM  Receipt #: 143690
        Cashier : KPAGE CLA 1-13
Paid by: DANIEL D. DYDZAK
2:CV10-05820
2010-086900        5 - Civil Filing Fee(1)
Amount :                        $60.00
2:CV10-05820
2010-510000     11 - Special Fund F/F(1)
Amount :                       $190.00
2:CV10-05820
2010-086400       Filing Fee - Special(1)
Amount :                       $100.00
Cash  Payment :                 350.00

COMES NOW Plaintiff Pro Se, DANIEL DAVID DYDZAK, an individual, and alleges as follows:

PRELIMINARY ALLEGATIONS

1. Plaintiff, DANIEL DAVID DYDZAK ("DYDZAK"), is, and at all times herein mentioned was, an adult over eighteen years old and a resident of the County of Los Angeles, State of California.

2. At all times relevant hereto, until on or about May 12, 2010, DYDZAK was a licensed California attorney and member of the State Bar of California. He actively practiced law in the State of California, in both state and federal courts, for over two decades.

3. On or about August 10, 2008, DYDZAK received written notice in the mail that he was placed on inactive status by unlawful, biased, fraudulent and unconstitutional Decision of the California State Bar Court dated August 5, 2008 and effective August 8, 2008. Said Decision recommending the

-2-

DYDZAK V. GEORGE                    COMPLAINT

draconian, unlawful and uncalled for measure of disbarment against DYDZAK was written by State Bar Judge, Defendant DONALD F. MILES ("MILES").

4. Thereafter, DYDZAK appealed the Decision and filed other post-trial motions in the Review Department of Defendant STATE BAR COURT. In particular, DYDZAK discovered that there were valid and legitimate legal and factual grounds to disqualify State Bar Judge MILES in his matter and set aside MILES' Decision. Notwithstanding same, on or about December 3, 2010, the Review Department, in an Opinion and Order on Review by Defendants, Review Judges, JOANN REMKE, CATHERINE D. PURCELL and JUDITH EPSTEIN, unlawfully, unconstitutionally and wrongfully supported MILES' Decision, recommending DYDZAK's disbarment to the California Supreme Court.

5. DYDZAK timely filed a Petition for Writ of Review in the California Supreme Court on numerous legal, constitutional and factual grounds, challenging the unlawful and wrongful recommendation of disbarment. On or about May 12, 2010, the Supreme Court of California summarily, unlawfully,

-3-

DYDZAK V. GEORGE                                    COMPLAINT

illegally, unconstitutionally and against DYDZAK's civil rights denied the Petition, without sufficient and detailed explanation. Said Supreme Court further ordered that DYDZAK be disbarred, removed from the roll of attorneys in the State of California, and pay vague, unconstitutional and unsubstantiated disciplinary costs in excess of $ 15,000. Contrary to the Supremacy Clause of the U.S. Constitution, the Due Process and Equal Protection Clauses of the California Constitution, and other applicable law, DYDZAK was not provided oral argument and written decision on the merits by the highest court in California. Plaintiff is informed and believes, and thereon alleges, that the aforesaid disbarment Order became effective on or about June 11, 2010. As a proximate, direct and legal result of the unlawful actions of the Supreme Court of California, as herein alleged, the aforesaid disbarment Order of the Supreme Court of California was and is, unquestionably, void, voidable, illegal, unconstitutional and against DYDZAK's civil rights.

6. Plaintiff is informed and believes, and thereon alleges, that Defendant, THE STATE BAR OF CALIFORNIA ("BAR"), is, and at

-4-

DYDZAK V. GEORGE                    COMPLAINT

all times herein mentioned was, a public corporation, with two offices in the City of San Francisco and City of Los Angeles, State of California, and responsible for administratively supervising all attorneys licensed in the State of California.

7.  Plaintiff is informed and believes, and thereon alleges, that Defendant, BOARD OF GOVERNORS OF THE STATE BAR OF CALIFORNIA ("BOARD"), is, and at all times herein mentioned was, an entity comprised of individuals who manage, operate, supervise and otherwise direct all activities of Defendant BAR, with two offices in the City of San Francisco and City of Los Angeles, State of California.

8.  Plaintiff is informed and believes, and thereon alleges, that Defendant STATE BAR COURT ("COURT") is, and at all times herein mentioned was, a public corporation duly organized and existing under and by virtue of the laws of the State of California. Upon information and belief, said COURT is, and was at all times relevant hereto, set up to oversee disciplinary matters involving attorneys licensed in the State of California, with a Hearing Department and Review Department in Los Angeles

-5-

DYDZAK V. GEORGE                    COMPLAINT

and San Francisco, California.

9.    Plaintiff is informed and believes, and thereon alleges, that Defendants JOANN M. REMKE, RONALD W. STOVITZ, PATRICE E. McELROY, DONALD F. MILES, RICHARD A. PLATEL, JUDITH EPSTEIN, LUCY ARMENDARIZ, RICHARD A. HONN and CATHERINE D. PURCELL, are, and at all times herein mentioned were, residents of the State of California. Plaintiff is further informed and believes, and thereon alleges, that the aforementioned individual Defendants are, and at all times herein mentioned were, members and judges of Defendant COURT and/or the Review Department thereof and acting or purportedly acting with the authorization, permission and consent of Defendants COURT, BAR, BOARD, STATE OF CALIFORNIA, and the other individual named Defendants, and acting in concert with the said Defendants, and each of them, to commit the unlawful activity and conduct alleged herein.

10.    Plaintiff is informed and believes, and thereon alleges, that the individual Defendants referenced and named herein are, and were at all times herein mentioned, agents,

-6-

DYDZAK V. GEORGE                    COMPLAINT

employees and/or officers of Defendant BAR, STATE OF CALIFORNIA, or the UNITED STATES OF AMERICA.

11.  Plaintiff is informed and believes, and thereon alleges, that Defendant SUPREME COURT OF CALIFORNIA is, and at all times herein mentioned was, a governmental entity or public corporation duly organized and existing under and by virtue of the laws of the State of California.

12.  Plaintiff is informed and believes, and thereon alleges, that Defendants, RONALD M. GEORGE ("GEORGE"), CARLOS R. MORENO ("MORENO"), JOYCE L. KENNARD ("KENNARD"), KATHRYN MICKLE WERDEGAR ("WERDEGAR"), MING W. CHIN ("CHIN"), MARVIN R. BAXTER ("BAXTER") and CAROL A. CORRIGAN ("CORRIGAN") [hereinafter collectively "CALIFORNIA SUPREME COURT JUSTICES"], are, and were at all times herein mentioned, justices and members of the current Supreme Court of California. On or about May 12, 2010, Defendants, CALIFORNIA SUPREME COURT JUSTICES, made the illegal, unconscionable and unconstitutional Order to disbar DYDZAK, as herein alleged and described.

13.  Defendant GEORGE is shortly retiring as Chief Justice

-7-

DYDZAK V. GEORGE                    COMPLAINT

of Defendant SUPREME COURT OF CALIFORNIA, to a large extent under a cloud of misconduct and ethical and judicial violations, due to his wrongful and unlawful actions towards DYDZAK and for other reasons, as hereinafter alleged. Said Defendant GEORGE, in his blatant and unfair cover-up of the misconduct of State Bar Judge MILES and other State Bar officials and State Bar Court judges, has conspired with the other Defendants, MORENO, KENNARD, WERDEGAR, CHIN, BAXTER and CORRIGAN, to deprive DYDZAK of his civil and constitutional rights and earn a living practicing law, to DYDZAK's extreme prejudice.

14.    Plaintiff is informed and believes, and thereon alleges, that Defendants, CALIFORNIA SUPREME COURT JUSTICES, are, and were at all times herein mentioned, residents of the City and County of San Francisco, State of California.

15.    Plaintiff is further informed and believes, and thereon alleges, that Defendants, CALIFORNIA SUPREME COURT JUSTICES, are acting, and at all times herein mentioned were acting, with the authorization, permission and consent of Defendants BAR, BOARD, and the other Defendants herein in doing the unlawful,

-8-

DYDZAK V. GEORGE                    COMPLAINT

unconstitutional and wrongful acts herein alleged.

16.   Plaintiff is informed and believes, and thereon alleges, that Defendants, BERNARD A. BURK, KENNETH G. HAUSMAN, and SEAN M. SELEGUE (collectively "HOWARD RICE ATTORNEYS"), are, and were at all times herein mentioned, attorneys duly licensed by the State Bar of California to practice law in said state.

17.   Plaintiff is informed and believes, and thereon alleges, that Defendants, HOWARD RICE ATTORNEYS, are, and were at all times herein mentioned, residents of the City and County of San Francisco.

18.   Plaintiff is informed and believes, and thereon alleges, that Defendant, HOWARD, RICE, NEMEROSKI, CANADY, FALK & RABKIN ("HOWARD, RICE"), is, and at all times herein mentioned was, an establishment law firm, with numerous Fortune 500 clients, with its head office in the City of San Francisco, State of California.

19.   Plaintiff is unaware of the exact legal status or capacity of HOWARD, RICE, whether it is a professional corporation, limited partnership, an association or other such

-9-

DYDZAK V. GEORGE                    COMPLAINT

legal entity. Plaintiff will seek leave to amend this Complaint to set forth such exact legal status or capacity of HOWARD, RICE when same is ascertained, before or at time of trial

20. Plaintiff is informed and believes, and thereon alleges, that Defendants, A. HOWARD MATZ, GARY A. FEESS, R. GARY KLAUSNER, MARGARET M. MORROW, GEORGE H. WU, VIRGINIA A. PHILLIPS, AUDREY B. COLLINS and ALICIA G. ROSENBERG, are, and at all times herein mentioned were, United States Judges or Magistrates for the United States District Court of the Central District of California.

21. Plaintiff is informed and believes, and thereon alleges, that Defendant SCOTT DREXEL is, and was at all times herein mentioned, former Chief Trial Counsel of the State Bar of California. Plaintiff is further informed and believes, and thereon alleges, that said Defendant is, and was at all times herein mentioned, a resident of the County of San Francisco, State of California.

22. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, and

-10-

DYDZAK V. GEORGE                    COMPLAINT

therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint in order to allege their true names and capacities when same are ascertained.

23.  Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages herein alleged were proximately caused by their conduct.

24.  Plaintiff is informed and believes, and upon such information and belief alleges, that at all times herein mentioned each of the Defendants was the agent, servant and employee of each of the remaining Defendants, and, in doing the acts hereinafter alleged, was acting within the purpose, course and scope of such agency, service and employment, and with the permission and consent of each of the other Defendants.

25.  DYDZAK was admitted to the practice of law in the State of California on December 17, 1985. In or about August, 2006 and January, 2007, the Office of the Chief Trial Counsel ("OCTC") filed Notices of Disciplinary Charges against DYDZAK

- //-

DYDZAK V. GEORGE                    COMPLAINT

and DYDZAK filed appropriate responses to same.

26. DYDZAK believed and found out that the alleged charges were politically motivated, because he had filed in the Los Angeles Superior Court on behalf of clients a major lawsuit against a former State Bar President and establishment lawyer, one Alan Rotheriberg. Mr. Rothenberg had political connections with Defendants BAR, BOARD and COURT and knew Defendant DREXEL, the then Chief Trial Counsel, and other members of the Board of Governors. The filing of the NDC charges coincided with DYDZAK's litigating and attempting to settle the case involving Mr. Rothenberg. Rothenberg indeed threatened DYDZAK at the time of his deposition in said litigation that he was "going to get him," referring to his connections with Defendants BAR, BOARD and COURT.

27. DYDZAK is informed and believes, and thereon alleges, that Defendant DREXEl, maliciously, unethically, unprofessionally and in conspiracy with Rothenberg, communicated in person and telephonically with said attorney between in or about August, 2006, and continuing throughout 2007 and 2008,

-12-

DYDZAK V. GEORGE                    COMPLAINT

about pursuing disciplinary charges against DYDZAK, despite the lack of merit to said charges and the weakness of the disciplinary allegations against DYDZAK.

28.   In so doing, Defendant DREXEL, to enrich himself, preserve his employment and be influential in the state bar hierarchy, was improperly currying favor with politically connected, establishment attorneys, such as Rothenberg. Such attorneys are well known to contribute monies to the Foundation of the State Bar of California and are and were on the Judicial Council headed by Defendant George as Chief Justice. Rothenberg was previously associated with high-powered L.A. law firms, Latham, Watkins and Manat, Phelps, Rothenberg & Tunney.

29. Plaintiff is informed and believes, and thereon alleges, that Defendant DREXEL's contract of employment as Chief Trial Counsel was several months ago not renewed, in large measure because said Defendant abused his position and was shown through his office to unfairly target practicing attorneys, mostly sole practitioners, on even the most trivial of matters.

30.   Plaintiff is informed and believes, and thereon

-13-

DYDZAK V. GEORGE                    COMPLAINT

alleges, that Defendant GEORGE, as a former long-time prosecutor with a conservative, pro-government bent, turned a blind eye to any misconduct by Defendant DREXEL because he met with DREXEL weekly to discuss the administration of the courts in California and state bar matters. Defendant DREXEL was, at all relevant times hereto, either a member of Defendant BOARD and the Judicial Council or closely aligned and involved with and influential in affecting its decisions. Defendant DREXEL's agenda was to increase the size and importance of the bloated, fiscally irresponsible State Bar bureaucracy and his office of enforcement, no matter what ill treatment was meted out to practicing attorneys.

31.   DYDZAK contested the alleged disciplinary charges, which he believed did not have merit, were politically motivated and were defensible. Moreover, during Defendant DREXEL's tenure as Chief Trial Counsel, Defendant DREXEL and other state bar attorneys earned reputations as being unfair, unethical and targeting sole practitioners and Plaintiff's attorneys.

32.   One of the State Bar attorneys assigned to DYDZAK's

DYDZAK V. GEORGE                    COMPLAINT

disciplinary proceedings, ELI MORTGENSTERN, even advised and admitted to DYDZAK that his hands were tied to resolve the disciplinary matter involving DYDZAK, because he had marching orders to seek disbarment against DYDZAK, no matter how meritless, insubstantial or untenable any client complaint against DYDZAK was.

33.   On or about August 5, 2008, Defendant DONALD F. MILES, the State Bar hearing judge in Los Angeles, issued an unfair, unlawful and draconian Decision recommending that DYDZAK be disbarred and placing him on inactive status as of August 8, 2008. Defendant MILES took over 200 days to render said decision, making it improbable to conclude that DYDZAK posed a serious, immediate risk of harm to the public after DYDZAK had practiced law more than twenty years with distinction in the State of California.

34.   Shortly after this decision was filed, DYDZAK discovered that Defendant MILES has, and had at all times herein mentioned, an actual bias, prejudice or conflict of interest, or the appearance of same, because DYDZAK was suing on behalf of

-15-

DYDZAK V. GEORGE                    COMPLAINT

his prior client, SHANEL STASZ, in Los Angeles Superior Court

MILES' former partner and long-time friend of 17 or more years,

Defendant BERNARD A. BURK, a partner/director with Defendant

HOWARD, RICE as well as defendants such as Charles Schwab and

Charles Schwab & Co., long-time clients of said law firm. Prior

to his inactive status, DYDZAK was attorney of record for STASZ

in LASC Case Nos. BC383161 and BC383162, which litigation

involved major HOWARD, RICE clients and exposed said law firm

and its partner, Defendant BURK, to major liability.

35.   In August and September, 2008, accordingly, DYDZAK

filed various motions to disqualify Defendant MILES and set

aside the State Bar decision. Defendant MILES unethically,

unlawfully and improperly ruled on his own disqualification and

would not disqualify himself, unlawfully striking the motion

from the record. Defendant REMKE, as the presiding judge,

improperly delayed ruling, violating DYDZAK's due process and

civil rights, and then transferred the disqualification matter

to Defendant McELROY. Defendant McELROY, who was the original

judge in the proceedings and should not have ruled because of

-16-

DYDZAK V. GEORGE                        COMPLAINT

this conflict of interest or the appearance of same, denied the disqualification motion, without any written reasoning or oral argument. Such unethical and wrongful action was done to protect Defendant MILES, at the expense of DYDZAK's legal career and professional standing.

36. Plaintiff is informed and believes, and thereon alleges, that Defendant McELROY, presently the supervising judge of Defendant COURT, is in another disciplinary case presently under investigation and scrutiny for taking a bribe and spoliation of evidence.

37. Not surprisingly, given the developing legal storm and cover-up to "protect the troops at any cost," Defendant Judges REMKE, STOVITZ and EPSTEIN of the Review Department summarily denied DYDZAK's Petition for Review, focusing primarily on the issue of MILES' disqualification, on or about September 25, 2008. Defendant SUPREME COURT OF CALIFORNIA, unfairly, wrongfully and unethically aiding in the cover-up, denied DYDZAK's interlocutory Petition For Review on or about November 12, 2008, concerning the disqualification of Defendant MILES.

-17-

DYDZAK V. GEORGE                    COMPLAINT

This denial Order patently showed that Defendants, SUPREME COURT
OF CALIFORNIA and CALIFORNIA SUPREME COURT JUSTICES, were not
interested in upholding the Rule of Law, but instead favored the
illegal and biased actions of state bar court judges who they
helped appoint and personally knew. Said Order also showed said
Defendants cared not one iota about the individual civil and
constitutional rights of "politically" targeted and unfairly
maligned sole practitioners, such as Plaintiff DYDZAK.

38. During the time-frame of the fall of 2008, Defendants,
CALIFORNIA SUPREME COURT JUSTICES, including Defendant GEORGE,
were well aware that a case involving Defendant HOWARD, RICE,
which Defendant SELEGUE was arguing, was before said Court for
argument and ruling, to wit, Schatz v. Allan Matkins Leek Gamble
& Mallory, LLP. Plaintiff is informed and believes, and thereon
alleges, that the ruling in said litigation was reached on
January 26, 2009. In derogation and violation of their ethical
duties and responsibilities, and raising an undeniable conflict
of interest, or the appearance of same, Defendants, CALIFORNIA
SUPREME COURT JUSTICES, including Defendant GEORGE, failed to
reveal at any time to DYDZAK that their consideration of this

-18-

DYDZAK V. GEORGE                    COMPLAINT

case would or reasonably could prejudice their review and
adjudication of his interlocutory writ in or about November,
2008. DYDZAK was making serious allegations about the misconduct
of Defendants HOWARD, RICE, BURK and MILES, yet Defendants,
CALIFORNIA SUPREME COURT JUSTICES, with bias, illegally and
unfairly chose to hear Schatz on the merits and provide written
decision and oral argument, while flushing DYDZAK's aforesaid
interlocutory writ into the judicial toilet. Denial of said writ
sacrificed DYDZAK's legal rights and ability to earn a living,
placed him in destitute state, ruined his reputation, and
jeopardized his marriage.

39. In the fall of 2008, and at all other times relevant
thereto, San Francisco-based Defendant HOWARD, RICE bragged in
its marketing that several cases it handles or has worked on are
routinely before Defendant SUPREME COURT OF CALIFORNIA
Defendant HOWARD, RICE has, and had at all relevant times
hereto, a politically correct status and reputation for clients
as an influential, establishment law firm which could be called
upon to represent their legal interests before Defendant SUPREME
COURT OF CALIFORNIA and Defendants, CALIFORNIA SUPREME COURT

DYDZAK V. GEORGE                 COMPLAINT

JUSTICES. It is clear from the illegal cover-up for Defendant MILES, a former clerk with Defendant SUPREME COURT OF CALIFORNIA, that the latter and the justices thereof favor judges and big, well-connected  law firms over Plaintiff's attorneys, small law firms and sole practitioners.

40.    Plaintiff is informed and believes, and thereon alleges, that Defendant HOWARD, RICE regularly makes monetary contributions to the California State Bar Foundation and that certain of its partners/directors have been or are appointed members of the Judicial Council headed by Defendant GEORGE. Furthermore, Plaintiff is informed and believes, and thereon alleges, that in the Bay area Defendants, HOWARD RICE ATTORNEYS, and other attorneys employed by Defendant HOWARD, RICE are so socially and in legal circles intimately connected to Defendant GEORGE and the other Associate Justices of Defendant SUPREME COURT OF CALIFORNIA, that this interaction clearly affected, influenced and prejudiced the latter's review of DYDZAK's disciplinary case.

41. In his state bar court case, DYDZAK filed subsequent,

DYDZAK V. GEORGE                     COMPLAINT

numerous and bonafide motions in the Review Department of
Defendant COURT and approximately five interlocutory petitions
for review before Defendant SUPREME COURT OF CALIFORNIA. These
included but were not limited to the issue of disqualifying
Defendant MILES and the Review Judges and setting aside his
decision of August 5, 2008, as void or voidable due to bias,
prejudice or conflict of interest, or the appearance of same.
The Supreme Court denied the Writs summarily, not ruling on the
merits. The Review Judges, in particular, Defendants REMKE,
PURCELL and EPSTEIN, continued to wrongfully and unethically
rule on their own disqualification and strike key pleadings and
evidence from the state bar record. They willfully perjured
themselves by falsely claiming they did not know about being
formally investigated by the Judicial Performance Committee of
the State of California (which investigation was ongoing at that
time), being served with motions, and being sued in federal
court by Plaintiff, a case which was dismissed without prejudice
on or about January 26, 2010 by the Ninth Circuit Court of
Appeals on procedural grounds. A subsequently refiled lawsuit is

-21-

DYDZAK V. GEORGE                          COMPLAINT

now pending before the Ninth Circuit.

42.    In or about October, 2008, DYDZAK found out that two partners/directors with Defendant HOWARD, RICE, Defendants HAUSMAN and SELEGUE, had illegally gained access to Defendant MILES' tainted bar decision and attached it with a sworn and dated Declaration as an Exhibit in one of the Staz LASC cases on or about September 27, 2008. Said attorneys never duly and properly paid for or ordered same from the Clerk's Office of Defendant COURT. Since said decision was not posted on the internet until January or February, 2009, this "smoking gun" factor proved that Defendant MILES and/or agents/employees of Defendant COURT had impermissibly and unlawfully communicated with Defendants SELEGUE, HAUSMAN and other HOWARD, RICE personnel and lawyers about DYDZAK's bar disciplinary proceeding. This evidenced an actual bias, prejudice and/or conflict of interest, or the appearance of same, by Defendant MILES, mandating his disqualification and the setting aside and reversing of his decision dated August 5, 2008.

43. To date, despite demand therefor from DYDZAK, neither

DYDZAK V. GEORGE                    COMPLAINT

1
2
3   Defendants SELEGUE, HAUSMAN nor HOWARD RICE have produced
4   credible evidence that they, or any of them, properly received a
5   copy of MILES' decision lawfully. Plaintiff is informed and
6   believes. and thereon alleges, that Defendant MILES in or about
7   July, August and September, 2008, had improper telephonic
8   communications with Defendants BURK, SELEGUE, HAUSMAN and other
9   HOWARD, RICE personnel concerning and affecting DYDZAK's
10  disciplinary case and the disqualification issues of Defendant
11  MILES thereto. Defendant MILES has failed and refused, and
12  continues to fail and refuse, to produce his telephonic records
13  during this time frame which would prove he did    communicate
14  with the aforesaid individuals.
15      44.  On or about December 3, 2009, the Review Department of
16  Defendant COURT, despite a flagrant and disturbing pattern of
17  numerous acts of bias, prejudice and conflict of interest (or
18  the appearance of same), and numerous constitutional and civil
19  rights violations by Defendants MILES, REMKE, PURCELL, STOVITZ,
20  EPSTEIN, McELROY and ARMENDARIZ and the other Defendants, as
21  herein alleged, affirmed and modified Defendant MILES' tainted,
22
23
24
25                              23-
26  DYDZAK V. GEORGE              COMPLAINT
27
28

biased and unlawful decision by issuing an Opinion and Order on Review recommending DYDZAK's disbarment. Defendants REMKE, EPSTEIN and PURCELL had no jurisdiction to issue such an Opinion and Order On Review on the aforesaid date since there was a Writ pending before the California Supreme Court.

45.   On or about January 25, 2010, Charles Nettles, a deputy court clerk with Defendant COURT, and Michelle Cramton, a State Bar Administrator, were directed by Defendants REMKE, PURCELL and EPSTEIN of the Review Department to transmit its unfair, unlawful, and biased recommended decision of disbarment to the California Supreme Court. Upon information and belief, on or about January 27, 2010, Mr. Nettles and Ms. Cramton unlawfully and unconstitutionally served notice of said Transmittal of State Bar Court Recommendation, despite the fact that the Review Judges should have disqualified themselves and DYDZAK had not duly exhausted his post-decision remedies before petitioning Defendant SUPREME COURT OF CALIFORNIA.

46.   On or about January 27, 2010, Defendant BAR, by and through the Office of Chief Trial Counsel, and Mr. Nettles

DYDZAK V. GEORGE                    COMPLAINT

also served by mail a certificate of costs in DYDZAK's state bar
disciplinary case, Case No. 04-0-14383, 06-0-10960. This
included an unconscionable, unlawful, vague, unconstitutional
and excessive "base charge" assessment and other alleged costs
totaling $ 15,209.31 which are being sought against DYDZAK. The
base assessment in question evidences that Defendants COURT, BAR
and BOARD and Defendant JUDGES and employees/agents have a
biased incentive and agenda to prosecute attorneys such as
Plaintiff to reap an unjust windfall for themselves and
perpetuate the Bar bureaucracy. In DYDZAK's disciplinary matter,
the Defendant Judges could and cannot be fair and impartial when
there is, and was at all times herein mentioned, a clear-cut
economic incentive for them to discipline attorneys.

   47.   At all times relevant hereto, and continuing to the
present, a series of internet articles at the Leslie Brodie blog
and other easily accessible world-wide web sources have exposed
numerous instances of misconduct and unfortunate judicial
corruption by State Bar Court Judges. For instance, former State
Bar Judge, Defendant STOVITZ,  continued to make rulings as a

-26-

DYDZAK V. GEORGE                    COMPLAINT

Judge Pro Tem when he had no judicial mandate to do so from the Supreme Court of California. In another matter, Review Judge EPSTEIN used her influence to obtain a favorable disciplinary resolution for a former associate of her defunct law firm.

48.    Community activist and actor, PERRY F. CARAVELLO, has lodged a formal complaint on or about July 26, 2010, with the Committee on Judicial Performance of the State of California concerning misconduct by Defendant GEORGE. For instance, CARAVELLO alleges that Defendant GEORGE flagrantly and unethically received illegal payments from Los Angeles County of approximately $ 30,000 per annum while he was a Los Angeles Superior Court Judge and did not report such payments on required Form 700. Defendant GEORGE continued to turn a blind eye to said illegal payments when he was appointed to the Supreme Court of California. Such actions resulted in California taxpayers being defrauded of more than $ 300 million dollars over a twenty-year period. This situation has been documented in the well-known case of incarcerated Richard Fine, a disbarred attorney who exposed said bribery and corruption and claims he

DYDZAK V. GEORGE                    COMPLAINT

is being politically persecuted for his stance.

49. Defendants MATZ, FEESS, KLAUSNER, MORROW, PHILLIPS, WU, COLLINS and ROSENBERG, beginning November 25, 2008, and continuing to the present, violated DYDZAK's civil and constitutional rights by conspiring, individually and in concert, to protect the Defendant Judges of the State Bar Court and Review Department, as well as certain bar officials and agents, from liability and a finding that DYDZAK's civil and constitutional rights were violated, as herein alleged. Said federal judges and magistrate engaged, without limitation, in the following unlawful and wrongful conduct:

(i) In federal lawsuits, DYDZAK v. STATE OF CALIFORNIA et al. (CV 08-7765-VAP-AGR), DYDZAK v. REMKE et al. (CV 10-828-UA (AGR)), and DYDZAK v. REMKE et al. (CV 10-1297- AHM(AGRx)) not allowing DYDZAK to prosecute said cases, conduct discovery, grant appropriate declaratory and injunctive relief, and obtain a waiver of the filing fee due to DYDZAK's indigent status in order to protect the State Bar and State Bar Court Defendants named herein, particularly state judges and state officials;

(ii) Falsely claiming that the cases were barred by the

-21-

DYDZAK V. GEORGE                    COMPLAINT

1
2
3   doctrines of federal abstention and quasi-judicial and judicial
4   immunity, in order to protect the State Bar and State Bar Court
5   Defendants named herein, particularly state judges and state
6   officials;
7       (iii) Unilaterally taking the case of DYDZAK v. REMKE et al.
8   (CV 10-1297) from fair and principled United States District
9   Judge, PERCY ANDERSON, who discharged an OSC and properly ruled
10  that the case was not barred by res judicata and presented
11  triable issues not barred by federal abstention;
12      (iv) Unilaterally and illegally not allowing principled and
13  fair U.S. District Judge PERCY ANDERSON to issue appropriate
14  declaratory and injunctive relief to DYDZAK by "politically"
15  reassigning Case No. CV 10-1297, by senior judge Defendant
16  FEESS,  to U.S. District Judge, Defendant MATZ and Defendant-
17  Magistrate ROSENBERG. The latters' proven track record and
18  biased modus operandi are, and have been at all times herein
19  mentioned, to rule against DYDZAK, no matter what the facts and
20  evidentiary record are, to ensure that he was disbarred to
21  protect the illegal actions and conduct of Defendants herein.
22      (v) Defendant COLLINS, as chief judge of the United States
23
24
25                              $28$-
26  DYDZAK V. GEORGE              COMPLAINT
27
28

District Court for the Central District of California, repeatedly condoning the pattern of misconduct and violation of DYDZAK's civil and constitutional rights engaged in by certain federal judges in her judicial district, notably Defendants PHILLIPS and ROSENBERG; further denying access by DYDZAK to the Central District Court by illegally denying him a waiver of a filing fee despite his clearly indigent status on bogus, deliberately misstated legal grounds.

(vi) Violating DYDZAK's due process and equal protection rights guaranteed by the 5th and 14TH Amendments, and other applicable law, so that DYDZAK could not have his day in court, a trial on the merits, thereby depriving DYDZAK of practicing law and unfairly and illegally leading to his disbarment at present.

(vii) Denying DYDZAK oral argument, a trial on the merits and appropriate injunctive and declaratory relief, because of their bias, inability and reluctance to rule against any judge in the California judiciary and uphold the Rule of Law.

(viii) Striking key pleadings from the record, issuing certain rulings without jurisdiction, not disqualifying

-29-

DYDZAK V. GEORGE                    COMPLAINT

themselves despite a showing of bias or appearance of same, and deliberately misstating the evidentiary record, rulings and pleadings.

(ix) Intentionally delaying and making adverse rulings and not allowing DYDZAK a waiver of the filing fee for Case No. CV 10-828-UA (AGR) to retaliate against DYDZAK for exposing the bias and prejudice of Defendants ROSENBERG and PHILLIPS before the Ninth Circuit Court of Appeals and Associate Justice Stephen Breyer of the United States Supreme Court.

(x) Chief United States District Judge, Defendant COLLINS, willfully and intentionally condoning the unlawful actions of certain Judges of the United States Central District as well as the named Defendants, by on February 11, 2010: (a) falsely ruling in Case No. CV 10-828-UA (AGR) that the case failed to state a claim for relief and that judges and clerks enjoyed immunity; (b) refusing a waiver of the filing fee despite DYDZAK's indigent status against his due process rights.

(xi) Chief United States District Judge Defendant COLLINS willfully and intentionally trying to intimidate DYDZAK by

-30-

DYDZAK V. GEORGE                    COMPLAINT

having an U.S. Marshall contact him telephonically in or about March, 2010. Said Marshall at COLLINS' insistence falsely claimed that DYDZAK had allegedly mistreated federal court staff when he had not. DYDZAK had instead simply exercised his First Amendment Right of Expression when politely talking to said staff.

(xii) The aforesaid federal judges except on one occasion violating the California and U.S. Constitutions, and DYDZAK's civil rights, by repeatedly not allowing DYDZAK to make an evidentiary record through oral argument. So the politics of the sensitive subject matter of this litigation can be hidden from the press and public at large, DYDZAK has been refused without justification oral argument for any dispositive motion before any U.S. District Judge, against his constitutional and civil rights.

50. Beginning on or about August 5, 2008, and continuing to the present, the State Bar and State Bar Judge Defendants, and each of them, violated DYDZAK's civil and constitutional rights, including but not limited to a fair trial and post-trial

31-

DYDZAK V. GEORGE                    COMPLAINT

proceedings, by the following, without limitation:

(i) Defendant MILES and then the Review Judges not setting aside Defendant MILES' decision of August 5, 2008, contrary to the 5th and 14th Amendments and other applicable law, since same is void and/or voidable due to bias, prejudice, conflict of interest or the appearance of same;

(ii) Not providing DYDZAK a fair trial and post-trial proceedings as guaranteed by the 5th and 14th Amendments and other applicable law;

(iii) Not disqualifying Defendant MILES due to his actual prejudice, bias and conflict of interest against DYDZAK or the appearance of same;

(iv) Improperly upholding Defendant MILES' ruling on his own disqualification;

(v) Defendant MILES willfully perjuring himself as a judicial officer in violation of the Canons of Ethics, falsely claiming in his decision that he was not served with disqualification pleadings when he was as required by statute;

(vi) Not reinstating DYDZAK to active status retroactively as a licensed attorney, knowing that his

32

DYDZAK V. GEORGE                    COMPLAINT

constitutional and civil rights have been violated;

(vii) Placing DYDZAK on inactive status without a proper hearing against his civil, constitutional and due process rights;

(viii)  Defendant REMKE improperly ruling as part of the Review Panel even though she was the presiding judge and had an actual or inherent bias, prejudice or conflict of interest or the appearance of same;

(ix) Defendant COURT conspiring among its individual Judges to not disqualify Defendant MILES for political reasons, in order to uphold the purported integrity and reputation of the State Bar Court and the Review Department, when Defendant COURT and its individual judges knew that it was unlawful, unconscionable and against DYDZAK's civil and constitutional rights to do so;

(x)  Defendant BAR and BOARD improperly, "politically" and unlawfully pursuing disciplinary charges against Plaintiff during the time DYDZAK was suing for prior clients former State Bar President, Alan Rothenberg, and the latter's Century City

-33-

DYDZAK V. GEORGE                    COMPLAINT

DYDZAK's professional work primarily as a Plaintiff's attorney.

(xiv) Defendant MILES not disqualifying himself and writing a biased decision against DYDZAK when this judge knew or was aware that DYDZAK represented Shanel Stasz in two pending LASC lawsuits, which exposed his long-time friend and prior partner, Bernard Burk, former law firm, HOWARD, RICE, as well as prominent clients such as Charles Schwab & Co., Charles Schwab and the Hugo Quakenbush Trust and Estate to major multimillion dollar liability.

(xv) Defendant MILES not disqualifying himself and writing a biased decision against DYDZAK when a sworn Declaration from Sean Selegue, Esq. dated September 26, 2008, provides irrefutable evidence of contacts and communications of attorneys SELEGUE and HAUSMAN obtaining key pleadings from Defendant COURT without ordering or paying for same. Defendant SELEGUE had physical possession of the Miles' decision dated August 5, 2008, many months before it was posted on the internet and did not order or pay for same. Defendants SELEGUE and HAUSMAN were intimately familiar with DYDZAK's disciplinary proceedings,

35-

DYDZAK V. GEORGE                    COMPLAINT

which shows that this information was provided to them by Defendant MILES and agents/employees of Defendant COURT under his control or supervision.

(xvi) Defendant MILES having an actual conflict of interest, prejudice or bias, or the appearance of same, and improperly, unethically and unlawfully ruling on his own disqualification. The Motion for Disqualification in question was filed on August 15, 2008. Judge MILES illegally ruled on his own disqualification on August 20, 2008, in derogation of his duties and responsibilities as a judicial officer.

(xvii) Defendant MILES' very act of ruling on his own disqualification and unlawfully and unethically striking DYDZAK's meritorious disqualification motion from the record shows he had and has an actual bias, prejudice or conflict of interest, or the appearance of same. Such conduct violated DYDZAK's civil and constitutional rights as well as Section 106(e)(4) of the State Bar Rules of Procedure, C.C.P. Section 170.1(a)(6) and Canon 3C(1) of California's judicial ethics.

(xviii) Presiding and Review Judge REMKE and Supervising Judge McELROY unconstitutionally and unlawfully taking more than

36

DYDZAK V. GEORGE                    COMPLAINT

two weeks (until September 5, 2008) to act on the
disqualification issue of Defendant MILES.

   (xix) Defendant McELROY violating her judicial duties and
unethically and unlawfully acting in ruling on the
Reconsideration Motion concerning Judge MILES' disqualification
and the striking of his disqualification motion. Defendant
McELROY had an actual and inherent conflict of interest,
prejudice and bias, or the appearance of same, because (1) she
was specifically requested in writing not to rule on same because
she was the original trial judge; and (2) she was the original
trial judge who transferred the case to Judge MILES, and as such
had preconceived conceptions and ideas about DYDZAK and the
MILES' decision which would not allow her to be impartial and
unbiased.

   (xx)  On or about September 25, 2008, Review Department
Judges ruling en banc on the disqualification of Defendant
MILES, summarily denying same. This action was biased, violated
DYDZAK's civil rights and was unconstitutional for a number of
reasons: (1) There was an unnecessary and improper 40-day delay

*37-*

DYDZAK V. GEORGE                    COMPLAINT

against due process; (2) The Review Department did not require the State Bar of California to brief the disqualification issue; (3) DYDZAK was not afforded oral argument; (4) The Review Department did not issue a sufficiently detailed decision to explain itself; (5) Presiding Judge REMKE should not have been a member of the Review Department, because of her inherent and actual conflict of interest and bias, or the appearance of same, being both the Presiding Judge and the Review Judge. (6) Judge REMKE should not have ruled on behalf of the Review Department, because of her extensive involvement in the disqualification matter at the hearing department stage.

(xxi)   The Review Petition for Interlocutory Relief re the Disqualification of Defendant MILES  was impermissibly intercepted and reviewed by Supervising Judge McELROY and this delayed the filing thereof.

(xxii)  Judge MILES perjured himself in a court pleading denying the disqualification and striking the disqualification motion by falsely claiming that he was not served with disqualification pleadings, even though his clerks have always accepted all disqualification pleadings for him per statutory



DYDZAK V. GEORGE                    COMPLAINT

requirements and as attested to by Anthony Rogell in sworn Declarations which are part of the record.

(xxiii)  The Notice of Disciplinary Charges involving DYDZAK did not properly notify him in writing that he could be placed on inactive status with no Order to Show Cause hearing, a violation of his civil rights and procedural and substantive due process.

(xxiv) DYDZAK was denied his right to a fair trial and in post-trial proceedings concerning the disqualification of Defendant MILES and the reversing or setting aside of MILES' decision dated August 5, 2008. Actual bias and the facts surrounding such disqualification mandated recusal of State Bar Judge MILES. The Stasz litigation, the timing of Defendant MILES' decision, his relationship with Bernard Burk, his law firm and their clients, Judge MILES' dishonesty re service and ruling on and striking his own disqualification more than met the state and federal law standard for disqualification.

(xxv)  Defendant MILES not disqualifying himself and setting aside his decision of August 5, 2008, against DYDZAK, despite knowing about Stasz' litigation (LASC Case Nos. BC383161 and

-39-

DYDZAK V. GEORGE                    COMPLAINT

BC383162) whereby: (1) his long-time friend and former partner, Bernard Burk, was being sued for millions of dollars in damages and implicating HOWARD, RICE in major malfeasance and corruption; and (2) both cases involving the Estate and/or Trust of Hugo Quakenbush, the latter being the late co-founder of Charles Schwab & Co. and one of the law firm's, Burk's and MILES' long-time clients. MILES' decision was reached on August 5, 2008, during the period of service on Burk.

(xxvi) DYDZAK being denied procedural and substantive due process and equal protection contrary to his civil rights and the 5th and 14th Amendments by being put on inactive status by Defendants MILES and COURT without a hearing or OSC.

(xxvii) Defendant MILES not disclosing at any time prior to his decision of August 5, 2008, his professional relationship and friendship with attorney Bernard Burk.

(xxviii) Defendant MILES not disqualifying himself and setting aside his decision of August 5, 2008, against DYDZAK, despite being aware of the STASZ litigation prior to DYDZAK's inactive status and that Bernard Burk, Esq. was displeased STASZ

-40-

DYDZAK V. GEORGE                    COMPLAINT

was pursuing legal claims against Burk and HOWARD, RICE clients.

(xxix)  Upon receiving the original disqualification motion,
Defendant MILES improperly did not give that motion to another
State Bar Judge to rule upon as required by state bar rules of
procedure, the canons of ethics and other applicable law.

(xxx) Defendant MILES not disqualifying himself and setting
aside his decision of August 5, 2008, against DYDZAK, despite
being a party to a federal lawsuit involving Plaintiff and the
subject of a formal investigation of which he is and was aware.

(xxxi) Defendant MILES falsely and perjurously claiming that
he was not duly served with disqualification pleadings when
Anthony Rogell has provided sworn and dated Declarations that
service was effectuated on said judge or his clerk, as required
by statute, with regard to all such pleadings.

(xxxii) At all relevant times, Defendants REMKE, EPSTEIN and
PURCELL have refused to disqualify themselves in DYDZAK's
disciplinary case despite being formally investigated and being
parties and sued in a federal lawsuit involving Plaintiff.

(xxxiii)  Defendant MILES showing his bias by leaving out

-41-

DYDZAK V. GEORGE                    COMPLAINT

1
2
3  key evidence and exculpatory factors in his decision of August
4  5, 2008 against DYDZAK, including failing to properly grant a
5  dispositive motion to dismiss the LaFlamme count in the Notice
6  of Disciplinary Charges.
7       (xxxiv) At all relevant times, Defendants REMKE, EPSTEIN and
8  PURCELL have perjured themselves by falsely claiming they were
9  unaware of being sued in federal court, formally investigated,
10  and served with disqualification and other motions in DYDZAK's
11  disciplinary case.
12       (xxxv) Defendant MILES and agents and employees of Defendant
13  COURT having unlawful and improper communications and contacts
14  with HOWARD, RICE attorneys, Sean Selegue, Kenneth Hausman and
15  Bernard Burk, concerning DYDZAK's disciplinary case.
16       (xxxvi) Defendant MILES and agents and employees of
17  Defendant COURT unlawfully and improperly providing information
18  and pleadings to HOWARD RICE attorneys, Sean Selegue, Kenneth
19  Hausman and Bernard Burk, concerning DYDZAK's disciplinary case.
20       (xxxvii) At all relevant times, Defendants REMKE, EPSTEIN
21  and PURCELL unlawfully striking key motions, including
22  disqualification motions, from the record in DYDZAK's
23
24
25                              -42-
26  DYDZAK V. GEORGE            COMPLAINT
27
28

disciplinary case, showing actual bias, prejudice and conflict of interest, or the appearance of same.

(xxxviii) At all relevant times, Defendant ARMENDARIZ wrongfully and unethically refusing to disqualify herself in DYDZAK' disciplinary case, and further wrongfully and unethically striking the disqualification motion concerning herself from the record in DYDZAK's disciplinary case.

(xxxix) On or about February 9, 2009, Defendants and State Bar Review Judges REMKE, EPSTEIN and PURCELL wrongfully "hiding" an Order denying their disqualification in duplicity and conspiracy with Case Administrator, ROSALIE RUIZ. The subject Order was filed on February 9, 2009, but not properly served on DYDZAK. Plaintiff was deliberately left off the service list. The Order with the doctored proof of service was sent to DYDZAK's former counsel, Edward Lear, but not DYDZAK. Only when DYDZAK filed a request for a ruling did he finally obtain the Order with two proofs of service affixed thereto.

(xxxx) At all relevant times, the Review Judges improperly, unlawfully and deliberately did not rule on a second extension request by DYDZAK to pay for the reporter's transcript while

DYDZAK V. GEORGE                    COMPLAINT

subject to disqualification review by the California Supreme Court. They further unlawfully refused to disqualify themselves or refer the matter to the California Supreme Court or Judicial Council.

(xxxxi) In taking the actions herein described, DYDZAK's civil rights were violated as well as the 5th and 14th Amendments as well as Article 1, Section 7(a) of the Constitution of the State of California.

(xxxxii) In taking the actions herein described and not disqualifying themselves due to their actual bias, prejudice, conflict of interest, or the appearance of same, Defendants MILES, ARMENDARIZ, REMKE, STOVITZ, EPSTEIN, McELROY and PURCELL violated DYDZAK's civil rights.

(xxxxiii) In delaying ruling numerous times on DYDZAK's motions, as herein alleged, Plaintiff's civil rights were violated as well as Rule 1013 of the Rules of Procedure of the State Bar Court.

(xxxxiv) In not deciding and adjudicating matters fairly, correctly and efficiently, Defendants MILES, ARMENDARIZ, REMKE, STOVITZ, EPSTEIN, McELROY and PURCELL violated DYDZAK's civil

DYDZAK V. GEORGE                    COMPLAINT

rights as well as Rule 1015 of the <u>Rules of Procedure</u> of the State Bar Court.

(xxxxv) In acting unfairly and unlawfully, as herein described, Defendants MILES, ARMENDARIZ, REMKE, STOVITZ, EPSTEIN, McELROY and PURCELL did not perform the duties of their office impartially and diligently. Such conduct violated DYDZAK's civil rights and Canon 3 of the <u>California Code of Judicial Ethics</u>.

(xxxxvi) The unlawful actions of Defendants MILES, ARMENDARIZ, REMKE, EPSTEIN, McELROY and PURCELL, in ruling on their own disqualification and not reinstating DYDZAK, have affected his career, standing in his former profession, his ability to earn a living, his former clients' cases, upcoming court proceedings and appearances, and contributed substantially to the demise of his marriage, now ending in divorce.

(xxxxvii) The unlawful non-service of the February 9, 2009 Order for over a month violated DYDZAK's civil rights, due process and equal protection, and constituted judicial politics, unfairness and bias towards DYDZAK.

(xxxxviii) Placing DYDZAK on inactive status before all appellate remedies were pursued, and without an Order to Show

DYDZAK V. GEORGE                    COMPLAINT

Cause hearing, violated DYDZAK's civil rights as well as <u>Business</u> <u>and Professions Code</u>, Sections 6077©(4) and 6083.

(xxxxix) DYDZAK was unconscionably, unlawfully and unconstitutionally assessed $ 15,209.31 for alleged costs of prosecution in his disciplinary case. Such assessment demonstrates that Defendants COURT, BAR, BOARD, and the Defendant Judges, as well as Defendant Bar officials, employees and agents, have a predisposed economic incentive and bias to pursue disciplinary proceedings against attorneys such as DYDZAK, particularly sole practitioners and Plaintiff's attorneys, because of their pro-government political slant, desire to raise revenue for Defendant BAR, COURT and BOARD, and perpetuate a bloated Bar bureaucracy.

(xxxxx) In inordinately delaying ruling on motions involving his disciplinary case, DYDZAK's civil rights were violated as well as his due process right to reasonable and speedy adjudication contrary to the 5th, 6th and 14th Amendments.

(xxxxxi) At all relevant times, Defendant RUIZ engaged in preparing, dating and signing fraudulent proofs of service on behalf of Defendants COURT, REMKE, EPSTEIN and PURCELL, in order

DYDZAK V. GEORGE                    COMPLAINT

1

2

3  that DYDZAK would not receive pleadings timely and to prejudice

4  his rights.

5       (xxxxxii) Defendants, COURT, REMKE, PURCELL and EPSTEIN,

6  unlawfully and against procedural and substantive due process,

7  held oral argument in DYDZAK's disciplinary case when they had

8  no jurisdiction to do so, by virtue of their being pending Writs

9  to the California Supreme Court and their being subject to

10 disqualification.

11      (xxxxxiii) At all relevant times, CHARLENE FOSTER, an

12 employee of Defendant BAR, in conspiracy and duplicity with BAR

13 attorney, Danielle Lee, Esq. perjured herself on a proof of

14 service, so that DYDZAK would be prejudiced in his receipt of

15 opposition papers filed in his prior federal lawsuit.

16      (xxxxxiv)  In or about December, 2009, and January, 2010,

17 and on other previous occasions, Defendants REMKE, EPSTEIN and

18 PURCELL struck major motions and evidence from the record in

19 DYDZAK's disciplinary case, as well as improperly and unlawfully

20 ruled on their own disqualification, showing their outright bias

21 and hostility towards DYDZAK.

22      (xxxxxv)  The pattern of delaying ruling by Defendants

23

24

25

26 DYDZAK V. GEORGE                    COMPLAINT

27

28

MILES, REMKE, EPSTEIN, PURCELL, STOVITZ and McELROY, violated

DYDZAK's civil rights and to be reinstated as an active member

of the State Bar of California so that he could earn a living.

(xxxxxvi)  The Orders and decisions of Defendants COURT,

MILES, REMKE, EPSTEIN, PURCELL, STOVITZ and McELROY, demonstrate

bias, prejudice and conflict of interest, or the appearance of

same, to such an extent that they are void or voidable and

violate DYDZAK's constitutional and civil rights.

(xxxxxvii)  The State Bar Rules of Procedure and State Bar

Act violate DYDZAK's constitutional rights, and are

unconstitutional on their face, insofar as the Presiding Judge

has adjudicatory functions over both the Hearing Department and

Review Department. As Presiding Judge, Defendant REMKE received

pleadings, papers, letters and other authority at the Hearing

Department stage concerning the disqualification of Judge MILES.

It was consequently improper and unlawful for her to be a member

of the Review Department in ruling against DYDZAK. Defendant

REMKE had an actual prejudice, conflict of interest or bias, or

the appearance of same, as a direct, proximate and legal result

thereof.

DYDZAK V. GEORGE                    COMPLAINT

(xxxxxviii) At all relevant times, Defendants REMKE, EPSTEIN and PURCELL unlawfully issued Orders and the Opinion on Review and Order on December 3, 2009, when they had no jurisdiction to do so as Writs were pending before the California Supreme Court and had not been adjudicated.

51.   In summarily disbarring DYDZAK, without written decision on the merits and not affording DYDZAK oral argument and briefing, Defendants SUPREME COURT OF CALIFORNIA and CALIFORNIA SUPREME COURT JUSTICES violated DYDZAK's civil and constitutional rights, including but not limited to violating the Supremacy Clause of the U.S. Constitution and the due process and equal protection clauses of the U.S. and California Constitutions. Furthermore, in not disclosing their relationship with HOWARD RICE and SELEGUE, and not respecting the Rule of Law towards DYDZAK, said Defendants, and each of them, unlawfully covered up for the corruption of the California Judiciary and certain State Bar Court and Review Judges, particularly the misconduct and malfeasance of Defendant MILES, as hereinbefore alleged.

DYDZAK V. GEORGE                     COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### FIRST CAUSE OF ACTION

### (DEPRIVATION OF RIGHTS UNDER COLOR OF STATE LAW)

### (AGAINST ALL NAMED DEFENDANTS OTHER THAN

### HOWARD, RICE, BURK, SELEGUE AND HAUSMAN)

52. Plaintiff refers to and incorporates, as though fully set forth herein, the preceding Preliminary Allegations and Paragraphs of the Complaint, including Paragraphs 1 through 51, inclusive.

53. This is an action for deprivation of constitutional rights under color of state law brought pursuant to the recodification Section 1979 of the Civil Rights Act of 1971, Title 42 United States Code, Section 1983, for remedies for Defendants' deprivation of Plaintiff's civil rights. Through this action, Plaintiff seeks all legal and equitable relief to which he may be entitled, including, but not limited to compensatory and punitive damages, attorney's fees and costs, prejudgment interest, and injunctive relief against the aforementioned Defendants and each of them.

54. Defendants, and each of them, have engaged in the

DYDZAK V. GEORGE                    COMPLAINT

unlawful and wrongful conduct and acts herein alleged, and thereby violated his civil rights.

55. At all times herein mentioned, Plaintiff was, and now is, a resident of Los Angeles County, State of California.

56. At all times herein mentioned, Defendants, and each of them, acted under color of their authority as such in doing all the things herein mentioned and taking the actions herein alleged.

57. In taking the actions herein alleged, Defendants acted, and continue to act, under color of and pursuant to the laws, statutes, ordinances, regulations, customs, and usages of the State of California, the State Bar of California, and the the State Bar Court and pursuant to the official policies and practices of said Defendants.

58. By reason of the aforesaid conduct of Defendants and each of them, Plaintiff was deprived of rights, privileges, and immunities secured to him by the Constitution of the United States and laws enacted thereunder in that the unlawful, wrongful and oppressive conduct herein alleged amounted to an

51-

DYDZAK V. GEORGE                    COMPLAINT

proof at or before trial.

61. As a direct, legal and proximate result of the Defendants' actions and conduct, Plaintiff has also incurred special damages and medical expenses, in an amount according to proof at or before trial.

62. The above-recited actions of Defendants, and each of them, in depriving Plaintiff of his constitutionally protected rights were done with evil motive and intent, maliciously and with reckless or callous indifference to Plaintiff's rights. Plaintiff is therefore entitled to an award of exemplary or punitive damages, according to proof.

63. Plaintiff is informed and believes, and thereon alleges, that Defendants will continue in their unlawful conduct, unless and until restrained by the Court. If Defendants are not restrained, as specified below, Plaintiff will sustain immediate and irreparable injury, loss, and damage in that Plaintiff will continue to experience and suffer from the fear of additional, unwarranted scrutiny and will continue to suffer humiliation and indignity, as well as great physical and mental

DYDZAK V. GEORGE                    COMPLAINT

pain and suffering, resulting from Defendants' ongoing deprivation of his rights, including but not limited to his right to practice law as an active member of the State Bar of California.

64.   Plaintiff has duly exhausted state law remedies available to him prior to filing suit, including approximately five Writs of Review to the California Supreme Court which were denied without prejudice and without a hearing on the merits.

65. Therefore, Plaintiff requests the following injunctive relief, equitable relief, declaratory relief and other legal relief against Defendants and each of them, to wit:

1.   That it is adjudged and decreed that DYDZAK's constitutional rights and civil rights were violated, and continue to be violated, by Defendants, and each of them, as herein alleged, particularly due to the failure by Defendant MILES, Defendant COURT and the individual Defendant Judges of the State Bar Court and Review Department to disqualify Defendant MILES and set aside his decision of August 5, 2008;

2.   That the decision of August 5, 2008, by Defendant

DYDZAK V. GEORGE                    -54-

COMPLAINT

government misconduct, bias, prejudice and conflict of interest or the appearance of same, by Defendants and each of them.

5. That the Order entered on or about May 12, 2010, or any other Order by Defendant SUPREME COURT OF CALIFORNIA and Defendants CALIFORNIA SUPREME COURT JUDGES, disbarring DYDZAK from the practice of law in California, imposing disciplinary costs, and striking his name from the roll of attorneys be set aside, stricken or reversed based upon violation of DYDZAK's civil and constitutional rights, and based upon DYDZAK's showing of unclean hands, judicial misconduct, government misconduct, bias, prejudice and conflict of interest or the appearance of same, by Defendants and each of them.

6. That DYDZAK be restored to active status forthwith and retroactively as of August 5, 2008, as a member of the State Bar of California due to the aforesaid wrongful and unlawful conduct and violation of his civil and constitutional rights;

. That the State Bar Court and Review Department, and any of the named Defendant Judges of said Court and Review

DYDZAK V. GEORGE                        COMPLAINT

1
2
3 Department, be prevented, disqualified and enjoined from ruling
4 on any legal matters involving the discipline of DYDZAK
5 retroactively, presently and in the future due to their past and
6 ongoing civil and constitutional rights violations towards him;
7          7.   That this Court issue appropriate injunctive
8 relief in the form of a Temporary Restraining Order, Preliminary
9 Injunction or Permanent Injunction, or whatever similar
10 equitable relief it believes is appropriate and legal to protect
11 Plaintiff's civil, legal and constitutional rights;
12          8.   That this Honorable Court appoint an independent
13 federal judge or other appropriate body outside the State Bar
14 Court and Review Department to adjudicate, hear, settle and
15 resolve any disciplinary matters involving DYDZAK due to the
16 past and ongoing violation of his civil and constitutional
17 rights by Defendants and each of them.
18          9.   That the entire Chief Trial Counsel's Office and
19 Office of General Counsel of the State Bar of California,
20 including but not limited to Eli Mortgenstern, Scott Drexel,
21 Augustus Hernandez, Janet Hunt, Victoria Malloy, and Danielle
22
23
24
25                        *57-*
26 DYDZAK V. GEORGE              COMPLAINT
27
28

Lee, be enjoined and disqualified from being involved in any disciplinary matters involving DYDZAK because of their past and ongoing violation of DYDZAK's civil and constitutional rights and clear bias, prejudice, conflict of interest and animosity towards him, without foundation.

10. That there be a declaration that Plaintiff's right to a fair trial and post-trial proceedings were violated along with other civil, legal and constitutional rights by Defendants and each of them.

11. That Defendants MATZ, FEESS, KLAUSNER, MORROW, WU, PHILLIPS, ROSENBERG and COLLINS be enjoined from hearing and adjudicating any issue and aspect of the within action due to their bias, prejudice, and conflict of interest, or the appearance of same.

12. That DYDZAK be granted appropriate declaratory relief, in order to protect his civil and constitutional rights and remedy the unlawful actions and conduct alleged herein, and allow him to practice law forthwith in the State of California.

## SECOND CAUSE OF ACTION

-58-

DYDZAK V. GEORGE                    COMPLAINT

1
2
3 **(INTENTIONAL INTERFERENCE WITH ECONOMIC RELATIONS)**
4 **(AGAINST DEFENDANTS BURK, SELEGUE AND HAUSMAN)**
5
6      66.   Plaintiff refers to and incorporates by reference
7 herein Paragraphs 1 through 65, inclusive, of this Complaint, as
8 though fully set forth herein.
9      67.   On August 8, 2008, and at all other relevant times
10 hereto, there existed an economic relationship between DYDZAK
11 and SHANEL STASZ by virtue of their attorney-client agreement
12 whereby DYDZAK agreed to represent STASZ in her LASC litigation,
13 as hereinbefore alleged and described.     STASZ agreed that
14 DYDZAK would receive as attorney's fees 1/3 of any gross
15 recovery, either by judgment or settlement, in her LASC
16 litigation.
17      68. At all times herein mentioned, and continuing to the
18 present, DYDZAK has enjoyed cordial relations with Ms. Stasz,
19 and previously represented her in a number of legal matters
20 while licensed as an attorney. In the past, he has benefited
21 financially from representing Ms. Stasz and received
22
23
24
25                              -59-
26 DYDZAK V. GEORGE            COMPLAINT
27
28

professional fees.

69.   On or about August 8, 2008, and at all times relevant hereto, Defendants HOWARD, RICE, HAUSMAN, SELEGUE and BURK were well aware of the existence of the economic relationship between DYDZAK and Ms. Stasz. Attorney Burk knew that DYDZAK represented STASZ on a number of legal matters and communicated with DYDZAK on legal issues involving STASZ in or about July, 2008.

70.   In unlawfully communicating with Defendant MILES, and agents and employees of Defendant COURT, about DYDZAK's disciplinary proceedings, and in improperly and illegally gaining access to the MILES' decision directly through contacting MILES, or his agents and employees thereof, Defendants BURK, HAUSMAN and SELEGUE, individually and on behalf of Defendant HOWARD RICE, persuaded and influenced MILES to put DYDZAK on inactive status and recommend his disbarment. This unlawful conduct was done, so that HOWARD RICE clients and Defendant BURK's legal interests could be protected from major liability and expense.

71.   As a direct, legal and proximate result thereof, Plaintiff has sustained general pain and suffering, severe

DYDZAK V. GEORGE                    COMPLAINT

emotional distress and anguish, loss of earnings and earning capacity, loss of good will and reputation, incurred substantial loans which has been unable to repay to date, and further incurred considerable storage and moving costs, all to his general damage, according to proof at or before trial.

### THIRD CAUSE OF ACTION

### (FRAUD)

### (AGAINST DEFENDANT SELEGUE)

72.   Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1 through 71, inclusive, of the Complaint.

73.   In a sworn Declaration dated September 26, 2010, in the STASZ litigation against Defendant BURK, submitted in connection with a Motion to Quash Service, Defendant SELEGUE falsely represented under oath that he obtained access to the MILES' decision by traveling to Los Angeles, California, to obtain same.

74. This representation was in fact false, fraudulent and

-b/-

DYDZAK V. GEORGE                    COMPLAINT

misleading. The true facts were that Defendant SELEGUE willfully

perjured himself on this point and thereby committed a felony;

never traveled to Los Angeles to obtain the MILES' decision;

unlawfully and illegally obtained MILES' Decision directly from

MILES and/or an agent or employee of Defendant COURT; tortiously

interfered with the attorney-client relationship between DYDZAK

and STASZ by illegally and unethically communicating with

Defendant MILES; conspired with Defendant MILES and other

members of his law firm to destroy DYDZAK's ability to practice

law and represent STASZ in her LASC cases; influenced and

persuaded MILES in conspiracy with Defendants HAUSMAN and BURK

to have DYDZAK disbarred; had not properly ordered nor paid for

MILES' Decision dated August 5, 2008, affecting DYDZAK; intended

by his dishonest and fraudulent Declaration to gain a tactical

advantage in litigation against STASZ; and intended to

maliciously and permanently injure DYDZAK's career, reputation

and livelihood by the aforesaid actions and by virtue of his

fraudulent and dishonest Declaration.

　　　75.　Had DYDZAK known the foregoing on or about September

DYDZAK V. GEORGE                    COMPLAINT

26, 2008, or before said date, and had he further known about the misconduct of Defendants SELEGUE, HAUSMAN and BURK, on or before September 26, 2008, as herein alleged, he would have advised STASZ to immediately report. SELEGUE and HOWARD, RICE to the State Bar of California for ethical and professional violations, including but not limited to Defendant SELEGUE committing perjury, a felony and crime of moral turpitude. DYDZAK further would have moved before Defendant MILES made his fraudulent and unethical Decision against him for an Order disqualifying Defendant MILES from making a decision due to the jurist's prejudice, bias and conflict of interest or the appearance of same.

76.   As a direct, legal and proximate result of the fraud perpetrated by Defendant SELEGUE, and the aforementioned false representation, Plaintiff has suffered general damages, in an amount not yet ascertained. Plaintiff will seek leave to amend the Complaint in order to set forth such amount when it is determined, according to proof.

77.   In taking the actions herein alleged, and making the

*63-*

DYDZAK V. GEORGE                    COMPLAINT

misrepresentation herein described, Defendant SELEGUE acted maliciously, oppressively, and fraudulently, in conscious disregard of Plaintiff's rights. Plaintiff is, therefore, entitled to an award of exemplary or punitive damages, according to proof.

WHEREFORE, Plaintiff prays judgment as follows:

ON FIRST CAUSE OF ACTION:

1. For general damages in the amount of $ 10,000,000;

2. For special damages and medical expenses, according to proof;

3. For punitive damages, according to proof;

4. For injunctive relief as set forth herein;

5. For reasonable attorney's fees pursuant to Title 42 of the United States Code, Section 1988(b);

6. For costs of suit incurred herein;

7. For a dismissal of any alleged disciplinary charges against DYDZAK due to the violation of his civil, legal, equitable and constitutional rights;

8. For such other and further relief as the Court deems just and proper in the premises;

DYDZAK V. GEORGE                    COMPLAINT

1
2
3       9.    Setting aside and declaring void or voidable Defendant
4   MILES' unlawful, unconstitutional, biased, and illegal State Bar
5   Decision dated August 5, 2008 against DYDZAK, and any other
6   unconstitutional, unlawful and illegal rulings, orders, opinions
7   and decisions of the State Bar Court and Review Department
8   referenced herein and pertaining thereto;
9       10.   Setting aside and declaring void or voidable the
10  unlawful, biased, unconstitutional, and illegal
11  Opinion On Review and Order filed December 3, 2009, by
12  Defendants REMKE, EPSTEIN and PURCELL against DYDZAK, and any
13  other unconstitutional, unlawful and illegal rulings, orders,
14  opinions and decisions of the State Bar Court and Review
15  Department referenced herein and pertaining thereto;
16      11.   Enjoining, setting aside and declaring void or
17  voidable the transmittal of the State Bar Court Recommendation,
18  Imposition of Costs, and Proposed Order to the California
19  Supreme Court against DYDZAK, as alleged herein;
20      12.   Setting aside and declaring void or voidable the
21  unlawful, biased, unconstitutional, and illegal Order of the
22
23
24
25                          
26  DYDZAK V. GEORGE                    COMPLAINT
27
28

Supreme Court of California entered on or about May 12, 2010, disbarring DYDZAK, assessing unlawful and vague disciplinary costs, and illegally removing him from the roll of attorneys admitted to practice law in the State of California.

13. For any injunctive relief as allowed by Federal Rules of Civil Procedure, Rules 57, 65, and other appropriate Rules therein as well as 42 U.S.C. Section 1983 et seq. ;

14. For appropriate declaratory relief and judgment by virtue of 28 U.S.C. Section 2201 et seq.

ON SECOND CAUSE OF ACTION

1. For general damages, according to proof;

2. For costs of suit incurred herein;

3. For such other and further relief as ordered by this Honorable Court and warranted in the premises.

ON THIRD CAUSE OF ACTION

1. For general damages, according to proof;

2. For punitive damages, according to proof;

3. For costs of suit incurred herein;

DYDZAK V. GEORGE                    COMPLAINT

4.  For such other and further relief as ordered by this Honorable Court and warranted in the premises.

Dated: August 4, 2010

DANIEL D. DYDZAK

Plaintiff Pro Se

DYDZAK V. GEORGE                    COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is ___*NoNe*___.

The case number on all documents filed with the Court should read as follows:

## CV10- 5820 SVW

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
DANIEL DAVID DYDZAK
Plaintiff Pro Se
4265 Marina City Drive, Suite 407W
Marina del Rey, CA 90292

FOR OFFICE USE ONLY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

DANIEL DAVID DYDZAK,

PLAINTIFF(S)

v.

RONALD M. GEORGE, CARLOS R. MORENO,
JOYCE L. KENNARD, [ATTACHMENT A]

DEFENDANT(S).

CASE NUMBER

CV10 5820 SVW

SUMMONS

TO:    DEFENDANT(S): RONALD M. GEORGE, CARLOS R. MORENO, JOYCE L. KENNARD,
       [ATTACHMENT A]

A lawsuit has been filed against you.

Within _21_ days after service of this summons on you (not counting the day you received it), you
must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint
☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer
or motion must be served on the plaintiff's attorney, _DANIEL DAVID DYDZAK, PRO SE_, whose address is
_4265 Marina City Drive, #407W, Marina del Rey CA 90292_. If you fail to do so,
judgment by default will be entered against you for the relief demanded in the complaint.  You also must file
your answer or motion with the court.

Clerk, U.S. District Court

Dated: _8-5-10_                    By: _____
                                       CHRIS SAWYER
                                       SEAL
                                       Deputy Clerk

                                       (Seal of the Court)

FOR OFFICE USE ONLY

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed
60 days by Rule 12(a)(3)].*

1

ATTACHMENT A

2

3  KATHRYN MICKLE WERDEGAR, MING W. CHIN, MARVIN R. BAXTER, CAROL A.
4  CORRIGAN, SUPREME COURT OF CALIFORNIA, STATE BAR OF CALIFORNIA, DONALD
5  F. MILES, STATE BAR COURT, BOARD OF GOVERNORS OF STATE BAR OF CALIFORNIA,
6  JOANN M. REMKE,  CATHERINE D. PURCELL, JUDITH EPSTEIN, RONALD W. STOVITZ,
7  PATRICE E. McELROY, RICHARD A. PLATEL, LUCY ARMENDARIZ, RICHARD A. HONN,
8  BERNARD A. BURK, KENNETH G. HAUSMAN, SEAN M. SELEGUE, HOWARD, RICE,
9  NEMEROSKI, CANADY,  FALK & RABKIN,  SCOTT DREXEL, A. HOWARD MATZ, GARY A.
10  FEESS, R. GARY KLAUSNER, MARGARET M. MORROW, GEORGE H. WU,
11  VIRGINIA A. PHILLIPS, AUDREY B. COLLINS, ALICIA G. ROSENBERG, and DOES 1 through
12  10, Inclusive,

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Name & Address:
DANIEL DAVID DYDZAK
Plaintiff Pro Se
4265 Marina City Drive, Suite 407W
Marina del Rey, CA 90292

FOR OFFICE USE ONLY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

DANIEL DAVID DYDZAK,

PLAINTIFF(S)

v.

RONALD M. GEORGE, CARLOS R. MORENO,
JOYCE L. KENNARD, [ATTACHMENT A]

DEFENDANT(S).

CASE NUMBER

CV10 5820 • $SVW$

SUMMONS

TO:    DEFENDANT(S): RONALD M. GEORGE, CARLOS R. MORENO, JOYCE L. KENNARD,
       [ATTACHMENT A]

A lawsuit has been filed against you.

Within __60__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _DANIEL DAVID DYDZAK, PRO SE_, whose address is _4265 Marina City Drive, #407W, Marina del Rey, CA 90292_. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Dated: ___8-5-10___

Clerk, U.S. District Court

By: _____
       Deputy Clerk

CHRIS SAWYER

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

1

ATTACHMENT A

2

3   KATHRYN MICKLE WERDEGAR, MING W. CHIN, MARVIN R. BAXTER, CAROL A.

4   CORRIGAN, SUPREME COURT OF CALIFORNIA, STATE BAR OF CALIFORNIA, DONALD

5   F. MILES, STATE BAR COURT, BOARD OF GOVERNORS OF STATE BAR OF CALIFORNIA,

6   JOANN M. REMKE,  CATHERINE D. PURCELL, JUDITH EPSTEIN, RONALD W. STOVITZ,

7   PATRICE E. McELROY, RICHARD A. PLATEL, LUCY ARMENDARIZ, RICHARD A. HONN,

8   BERNARD A. BURK, KENNETH G. HAUSMAN, SEAN M. SELEGUE, HOWARD, RICE,

9   NEMEROSKI, CANADY,  FALK & RABKIN,  SCOTT DREXEL, A. HOWARD MATZ, GARY A.

10  FEESS, R. GARY KLAUSNER, MARGARET M. MORROW, GEORGE H. WU,

11  VIRGINIA A. PHILLIPS, AUDREY B. COLLINS, ALICIA G. ROSENBERG, and DOES 1 through

12  10, Inclusive,

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☑)<br>DANIEL DAVID DYDZAK | **DEFENDANTS**<br>RONALD M. GEORGE, CARLOS R. MORENO, JOYCE L. KENNARD,<br>[ATTACHMENT A] |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing<br>yourself, provide same.)<br>DANIEL DAVID DYDZAK,  PLAINTIFF PRO SE,4265 MARINA CITY<br>DRIVE, SUITE 407W, MARINA DEL REY, CA 90292<br>TELEPHONE: (310) 867-1289 | Attorneys (If Known)<br>DANIELLE A. LEE, ESQ.<br>180 HOWARD STREET, SAN FRANCISCO, CA 94105<br>TELEPHONE: (415) 538-2339 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S.
                                    Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship
                                    of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑1 | ☑1 | Incorporated or Principal Place<br>of Business in this State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place<br>of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (Place an X in one box only.)

☑1 Original       ☐2 Removed from   ☐3 Remanded from   ☐4 Reinstated or   ☐5 Transferred from another district (specify):   ☐6 Multi-        ☐7 Appeal to District
   Proceeding        State Court        Appellate Court      Reopened                                                              District          Judge from
                                                                                                                                   Litigation        Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No      ☑ **MONEY DEMANDED IN COMPLAINT: $** 10,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)
CIVIL RIGHTS ACTION, TITLE 42 U.S.C. SECTION 1983; FRAUD; INTENTIONAL INTERFERENCE WITH ECONOMIC RELATIONS

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | | ☐ 510 Motions to | ☐ 710 Fair Labor Standards |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product | ☐ 370 Other Fraud | Vacate Sentence | Act |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | Liability | ☐ 371 Truth in Lending | Habeas Corpus | ☐ 720 Labor/Mgmt. |
| ☐ 450 Commerce/ICC | ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | ☐ 380 Other Personal | ☐ 530 General | Relations |
| Rates/etc. | ☐ 150 Recovery of | Slander | Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. |
| ☐ 460 Deportation | Overpayment & | ☐ 330 Fed. Employers' | ☐ 385 Property Damage | ☐ 540 Mandamus/ | Reporting & |
| ☐ 470 Racketeer Influenced | Enforcement of | Liability | Product Liability | Other | Disclosure Act |
| and Corrupt | Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product | ☐ 422 Appeal 28 USC | ☐ 555 Prison Condition | ☐ 790 Other Labor |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted | Liability | 158 | **FORFEITURE /** | Litigation |
| ☐ 490 Cable/Sat TV | Student Loan (Excl. | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 | **PENALTY** | ☐ 791 Empl. Ret. Inc. |
| ☐ 810 Selective Service | Veterans) | ☐ 355 Motor Vehicle | USC 157 | ☐ 610 Agriculture | Security Act |
| ☐ 850 Securities/Commodities/ | ☐ 153 Recovery of | Product Liability | **CIVIL RIGHTS** | ☐ 620 Other Food & | **PROPERTY RIGHTS** |
| Exchange | Overpayment of | ☐ 360 Other Personal | ☐ 441 Voting | Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 | Veteran's Benefits | Injury | ☐ 442 Employment | ☐ 625 Drug Related | ☐ 830 Patent |
| USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- | ☐ 443 Housing/Acco- | Seizure of | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | Med Malpractice | mmodations | Property 21 USC | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product | ☐ 365 Personal Injury- | ☐ 444 Welfare | 881 | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization | Liability | Product Liability | ☐ 445 American with | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal | Disabilities - | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | Injury Product | Employment | ☐ 650 Airline Regs | (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | Liability | ☐ 446 American with | ☐ 660 Occupational | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | **IMMIGRATION** | Disabilities - | Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization | Other | ☐ 690 Other | **FEDERAL TAX SUITS** |
| nation Under Equal | ☐ 240 Torts to Land | Application | ☑ 440 Other Civil | | ☐ 870 Taxes (U.S. Plaintiff |
| Access to Justice | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- | Rights | | or Defendant) |
| ☐ 950 Constitutionality of | ☐ 290 All Other Real Property | Alien Detainee | | | ☐ 871 IRS-Third Party 26 |
| State Statutes | | ☐ 465 Other Immigration | | | USC 7609 |
| | | Actions | | | |

**FOR OFFICE USE ONLY:**     Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
#### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No  ☑Yes
If yes, list case number(s): CV-08-7765-VAP-AGR; CV 10-1297-PA and AHM (AGRx)

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☑ A.  Arise from the same or closely related transactions, happenings, or events; or
    ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
    ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
    ☐ D.  Involve the same patent, trademark or copyright, **and** one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Plaintiff DANIEL DAVID DYDZAK | Los Angeles County, State of California |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Defendant RONALD M. GEORGE | San Francisco County, State of California |
| Defendant CARLOS R. MORENO | San Francisco County, State of California |
| Defendant JOYCE L. KENNARD [Attachment For Other Defendants] | San Francisco County, State of California |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES COUNTY, STATE OF CALIFORNIA | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date  August 5, 2010

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

ATTACHMENT A

KATHRYN MICKLE WERDEGAR, MING W. CHIN, MARVIN R. BAXTER, CAROL A.
CORRIGAN, SUPREME COURT OF CALIFORNIA, STATE BAR OF CALIFORNIA, DONALD
F. MILES, STATE BAR COURT, BOARD OF GOVERNORS OF STATE BAR OF CALIFORNIA,
JOANN M. REMKE,  CATHERINE D. PURCELL, JUDITH EPSTEIN, RONALD W. STOVITZ,
PATRICE E. McELROY, RICHARD A. PLATEL, LUCY ARMENDARIZ, RICHARD A. HONN,
BERNARD A. BURK, KENNETH G. HAUSMAN, SEAN M. SELEGUE, HOWARD, RICE,
NEMEROSKI, CANADY,  FALK & RABKIN,  SCOTT DREXEL, A. HOWARD MATZ, GARY A.
FEESS, R. GARY KLAUSNER, MARGARET M. MORROW, GEORGE H. WU,
VIRGINIA A. PHILLIPS, AUDREY B. COLLINS, ALICIA G. ROSENBERG, and DOES 1 through
10, Inclusive,

1

2

ATTACHMENT FOR OTHER DEFENDANTS

3  Defendant KATHRYN MICKLE WERDEGAR          San Francisco County, State of California

4  Defendant MING W. CHIN                     San Francisco County, State of California

5  Defendant MARVIN R. BAXTER                 San Francisco County, State of California

6  Defendant CAROL A. CORRIGAN                San Francisco County, State of California

7  Defendant SUPREME COURT OF CALIFORNIA      San Francisco County, State of California

8  Defendant STATE BAR OF CALIFORNIA          San Francisco County, State of California

9  Defendant DONALD F. MILES                  Los Angeles County, State of  California

10 Defendant STATE BAR COURT                  Los Angeles County, State of California

11 Defendant BOARD OF GOVERNORS OF

12 STATE BAR OF CALIFORNIA                     San Francisco County, State of California

13 Defendant JOANN M. REMKE                    Los Angeles County, State of California

14 Defendant CATHERINE D. PURCELL              Los Angeles County, State of California

15 Defendant JUDITH EPSTEIN                    Los Angeles County, State of California

16 Defendant RONALD W. STOVITZ                 Los Angeles County, State of California

17 Defendant PATRICE E. McELROY                Los Angeles County, State of California

18 Defendant RICHARD A. PLATEL                 Los Angeles County, State of California

19 Defendant LUCY ARMENDARIZ                   Los Angeles County, State of California

20 Defendant RICHARD A. HONN                   Los Angeles County, State of California

21 Defendant BERNARD A. BURK                   San Francisco County, State of California

22 Defendant KENNETH G. HAUSMAN                San Francisco County, State of California

23 Defendant SEAN A. SELEGUE                   San Francisco County, State of California

24 Defendant HOWARD, RICE, NEMEROSKI           San Francisco County, State of California

25 CANADY, FALK & RABKIN

26 Defendant SCOTT DREXEL                       San Francisco County, State of California

27

28

1

## ATTACHMENT FOR OTHER DEFENDANTS (Page 2)

2

3  Defendant A. HOWARD MATZ             Los Angeles County, State of California

4  Defendant GARY A. FEESS             Los Angeles County, State of California

5  Defendant R. GARY KLAUSNER          Los Angeles Count County, State of California

6  Defendant MARGARET M. MORROW        Los Angeles County, State of  California

7  Defendant GEORGE H. WU              Los Angeles County, State of California

8  Defendant VIRGINIA A. PHILLIPS      Riverside County, State of California

9  Defendant AUDREY B. COLLINS         Los Angeles County, State of California

10  Defendant ALICIA G. ROSENBERG      Los Angeles County, State of California

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28